UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

     v.                                                5:04-CR-499 (NAM)

HAI THI NGUYEN,

              **Defendant.**
_____

| Appearances: | Of Counsel: |
|---|---|
| Kenneth M. Moynihan<br>120 East Washington Street, Suite 927<br>Syracuse, New York 13202 | Kenneth M. Moynihan, Esq. |
| Glenn T. Suddaby<br>United States Attorney<br>Office of the United States Attorney<br>100 South Clinton Street<br>Syracuse, NY 13261-7198 | Carl G. Eurenius,<br>Assistant United States Attorney |

Norman A. Mordue, D.J.:

## MEMORANDUM-DECISION AND ORDER

**I.    INTRODUCTION**

      Count one of the two-count First Superseding Indictment in the above-captioned case charged defendant Hai Thi Nguyen with conspiracy to possess with intent to distribute and distribute and aid and abet the possession and distribution of marijuana and methelyenedioxymethamphetamine (MDMA) in violation of 21 U.S.C. § 841(a)(1), 18 U.S.C. § 2, and 21 U.S.C. § 846. The government further charged that the quantity of methamphetamine defendant conspired to possess with intent to distribute exceeded 50 grams, subjecting defendant to the penalty provisions of 21 U.S.C. § 841(b)(1)(A). Count two of the indictment charged that defendant, an alien, entered the United States at any time or place other than as

designated by immigration officers, in violation of 8 U.S.C. § 1325(a). On March 2, 2005, following a three day jury trial, and after deliberating over parts of two days, the jury found defendant guilty on both counts. The jury further found that defendant conspired to possess with intent to distribute a quantity in excess of 50 grams of methamphetamine. Presently before the Court is defendant's motion to set aside the jury verdict and enter a judgment of acquittal with regard to count one pursuant to Rule 29 of the Federal Rules of Criminal Procedure. Alternatively, defendant moves for a new trial with regard to count one pursuant to Rule 33 of the Federal Rules of Criminal Procedure.[1] The government opposes defendant's motion.

## II. FACTUAL BACKGROUND

According to the government, on October 3, 2004, agents of the United States Border Patrol detained defendant, a Canadian citizen of Vietnamese national origin, at a checkpoint near Ogdensburg, New York for immigration purposes. The agents suspected that defendant was illegally in the United States. Approximately fifteen minutes after detaining defendant, Border Patrol agents stopped Heather May Clement-Shenandoah at the same check point. Upon inspection of Clement-Shenandoah's minivan, Border Patrol Agents discovered 60,000 pills of MDMA, also known as ecstasy, and approximately 116 pounds of marijuana in duffle bags. Information in defendant's cellular telephone and address book linked her with Clement-Shenandoah. Additionally, Clement-Shenandoah gave a post-arrest statement implicating defendant in the drug delivery. Defendant also gave a post-arrest statement, but denied knowledge of the drugs in Clement-Shenandoah's minivan.

## III. DISCUSSION

---

[1] Defendant does not challenge her conviction on count two.

Defendant moves for an order setting aside the guilty verdict on count one and entering a judgment of acquittal pursuant to Rule 29, or, alternatively, for a new trial on count one pursuant to Rule 33 on the grounds that: the Court erred in admitting prior bad act evidence pursuant to Rule 404(b) of the Federal Rules of Evidence and such evidence was, in any event, legally insufficient to sustain a conviction; Clement-Shenandoah's testimony was incredible and thus legally insufficient to sustain a conviction; and the evidence adduced at trial was insufficient to prove every element of the conspiracy offense.

### A.    Motion for a Judgment of Acquittal

In deciding a Rule 29 motion for judgment of acquittal, the Court must view the evidence presented in the light most favorable to the government, and draw all reasonable inferences in its favor.  *See United States v. Puzzo*, 928 F.2d 1356, 1361 (2d Cir. 1991).  "[T]he court must be careful to avoid usurping the role of the jury" by substituting its own determinations of credibility or relative weight of the evidence.  *United States v. Guadagna,* 183 F.3d 122, 129 (2d Cir. 1999).  A court "must determine whether upon the evidence, giving full play to the right of the jury to determine credibility, weigh the evidence, and draw justifiable inferences of fact, a reasonable mind might fairly conclude guilt beyond a reasonable doubt." *United States v. Mariani,* 725 F.2d 862, 865 (2d Cir. 1984) (quoting *United States v. Taylor,* 464 F.2d 240, 243 (2d Cir. 1972)) (internal quotation marks omitted).  "[I]f the court 'concludes that either of the two results, a reasonable doubt or no reasonable doubt, is fairly possible, [the court] must let the jury decide the matter.' "  *Guadagna,* 183 F.3d at 129 (quoting *Curley v. United States,* 160 F.2d 229, 233 (D.C.Cir. 1947)) (first alteration added).

With these principles in mind, the Court must uphold the jury's verdict in this case if it finds that "*any* rational trier of fact could have found the essential elements of the crime beyond

a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). A defendant shoulders a "heavy burden" in challenging the sufficiency of evidence supporting a conviction, *United States v. Matthews,* 20 F.3d 538, 548 (2d Cir. 1994). Defendant has failed to meet this burden in the instant matter.

### 1. 404(b) Evidence

Prior to trial, the government filed a motion in limine to admit evidence of defendant's prior Canadian drug conviction and the underlying facts pursuant to Rule 404(b) of the Federal Rules of Evidence. Defendant acknowledged that she intended to deny that she had knowledge of the marijuana or any intent to distribute it, but opposed the government's motion on the grounds that such evidence was unfairly prejudicial and had little probative value. The Court ruled, prior to trial, that the government would be permitted to introduce evidence of defendant's prior conviction.

In short, Constable Julie Drotar of the Royal Canadian Mounted Police testified that in 2000, she conducted an investigation into a residential marijuana growing operation at a house defendant rented. Constable Drotar stated that there was approximately $40,000 worth of marijuana in the house and that she believed it was being grown for commercial use. According to Constable Drotar, defendant pled guilty to charges of possession for the purpose of trafficking marijuana, the production of marijuana, and theft of electricity.

Immediately following Constable Drotar's testimony, the Court gave the following instruction:

> Members of the jury, the government has introduced evidence tending to show that on a different occasion this defendant engaged in conduct similar to the charges in the indictment. In that connection let me remind you that the defendant is not on trial for committing this act not alleged in the indictment, and, accordingly,

> you may not consider this evidence of this similar act as a substitute for proof that the defendant committed the crime charged, nor may you consider this evidence as proof that the defendant has a criminal personality or bad character.
>
> The evidence of the other similar act was admitted for a much more limited purpose, and you may . . . consider it only for that limited purpose. If you determine that the defendant committed the acts charged in the indictment and the similar acts as well, then you may, but you need not, draw an inference that in doing the acts charged in the indictment, the defendant acted knowingly and intentionally and not because of some mistake accident or other innocent reason. Evidence of similar acts may not be considered by you for any other purpose.
>
> Specifically, you may not use this evidence to conclude that because the defendant committed the other act, she must also have committed the acts charged in the indictment. You may not consider this evidence as any kind of reflection on the defendant's character or propensity to commit the crimes charged in the indictment. This evidence may be considered by you only to the extent that it bears upon the defendant's knowledge, intent or motive to commit the acts charged in the indictment.

The Court gave a similar instruction to the jury at the end of the trial.

> Rule 404(b) states:
>
> > Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity or absence of mistake or accident, provided that upon request by the accused, the prosecution in a criminal case shall provide reasonable notice in advance of trial . . of the general nature of such evidence it intends to introduce at trial.

Fed. R. Crim. P. 404(b).

To determine whether prior act evidence is admissible, the court must first determine if the evidence is offered for a proper purpose, one other than to prove the defendant's bad character or criminal propensity. *United States v. Pitre*, 960 F.2d 1112 (2d Cir. 1992).

If the evidence is offered for a proper purpose, the court must determine if the evidence is relevant to an issue in the case, and, if so, whether its probative value is substantially outweighed by the danger of unfair prejudice. *Id*. The next issue is whether the prior conviction is relevant to the issues of knowledge and intent, and if so, whether its probative value outweighs its obvious prejudicial effect. *Id*. Finally, upon request, the court must give an appropriate limiting instruction to the jury. *Id*.

Here, the government offered the prior act evidence to show defendant's knowledge of marijuana, intent, and the absence of mistake as to the content of the bags containing the marijuana or the purpose for which the marijuana was intended, namely commercial distribution. Thus, the government offered the evidence for a proper purpose. Defendant contends that evidence of her prior act did not assist the jury regarding those issues because the marijuana was contained in closed duffle bags inside Clement-Shenandoah's minivan, and the evidence showed that defendant was in a separate vehicle and had no knowledge of the contents of the bags. Ms. Clement-Shenandoah testified, however, that defendant was inside her minivan on the day of the arrest, and that when she commented that defendant "had a lot of stuff" defendant responded "they're gifts for my sister." Clement-Shenandoah also testified that earlier that day, she had observed defendant walking next to another individual who was carrying the duffle bags which contained the drugs. Thus, there was evidence placing defendant in the vehicle containing the drugs and evidence from which the jury could reasonably infer that defendant knew what was inside the duffle bags. Consequently, evidence of defendant's prior marijuana growing operation was relevant to show that if she knew what was inside the duffle bags, she may also have known that it was marijuana, and, based on the amount in the duffle bags - - 116 pounds, possessed it with the intent to distribute, and not for personal use. While

certainly prejudicial, the evidence of defendant's prior conviction therefore outweighed its prejudicial effect. Additionally, the Court twice informed the jury of the limited purpose of this evidence and instructed the jury that it could draw an inference regarding defendant's knowledge, intent, and absence of mistake only after it concluded that defendant committed the acts charged in the indictment. The Court also instructed the jury that it could not consider defendant's prior act as a reflection on defendant's character or her propensity to commit the acts charged in the indictment. Accordingly, the Court did not err in admitting prior bad act evidence against defendant.

### 2. Sufficiency of the Evidence

Defendant argues the government failed to adduce sufficient evidence from which the jury could conclude that defendant knowingly or intentionally participated in the conspiracy or substantive offense because prior act evidence is legally insufficient to satisfy this element. Defendant further argues that Clement-Shenandoah's testimony was inherently incredible, and thus cannot for a foundation for a legally acceptable conviction. The court must uphold the jury's verdict in this case if it finds that "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). It is well settled that a conspiracy conviction may be proven through circumstantial evidence. *United States v. Sureff*, 15 F.3d 225, 228 (2d Cir. 1994) ("crimes may be proven entirely by circumstantial evidence."). Moreover, a defendant shoulders a "heavy burden" in challenging the sufficiency of evidence supporting a conviction, *United States v. Matthews*, 20 F.3d 538, 548 (2d Cir. 1994), and the Court finds that defendant has failed to meet it in the instant matter. The Court notes that defense counsel made the above-referenced arguments along with other equally compelling to the jury in connection with casting doubt over the

credibility of Clement-Shenandoah's testimony, defendant's knowledge and intent, and whether the government had adduced evidence sufficient to satisfy its burden. It is, however, the function of the jury to determine the credibility of witnesses, weigh evidence, and draw "justifiable inferences of fact from proven facts." *Curley*, 160 F.2d at 232-33. The Court is confident that the jury did so in this case and that the evidence the government presented was sufficient to establish defendant's guilt beyond a reasonable doubt. Accordingly, defendant's motion for a judgment of acquittal is denied.

### B. Motion for a New Trial

Pursuant to Fed. R. Crim. P. 33, a court "may grant a new trial to [the] defendant if required in the interest of justice." *United States v. Sanchez*, 969 F.2d 1409, 1413 (2d Cir. 1992). Further, "the court is entitled to 'weigh the evidence and in so doing evaluate for itself the credibility of the witnesses.'" *Id*. (quoting *United States v. Lincoln*, 630 F.2d 1313, 1319 (8th Cir. 1980)). However, in *Sanchez*, the Second Circuit explained:

> It is only where exceptional circumstances can be demonstrated that the trial judge may intrude upon the jury function of credibility assessment. Where testimony is patently incredible or defies physical realities, it may be rejected by the court, despite the jury's evaluation. But the trial judge's rejection of all or part of the testimony of a witness or witnesses does not automatically entitle a defendant to a new trial. The test is whether "it would be a manifest injustice to let the guilty verdict stand."

*Id*. at 1414 (internal citations omitted) (quoting *United States v. Reed*, 875 F.2d 107, 114 (7th Cir. 1989)).

By its terms, Rule 33 confers on the trial court greater discretion to grant a new trial than to grant a motion for a judgment of acquittal, but "where the truth of the prosecution's evidence must be assumed, that discretion should be exercised sparingly." *Id*. (internal citation omitted). In view of this standard, defendant's motion for a new trial based on the arguments outlined

8

above and on the alleged insufficiency of the evidence must be denied. The Court finds that defendant has failed to present "exceptional circumstances" which would warrant this Court's interference with the jury's function or actual evidence suggesting a miscarriage of justice will occur absent such intervention. Accordingly, defendant's motion for a new trial is denied.

## IV. CONCLUSION

Based on the foregoing, the Court DENIES defendant's motion for a judgment of acquittal as well as her motion for a new trial.

IT IS SO ORDERED.

Date:   June 23, 2005

*[signature]*
Norman A. Mordue
U.S. District Judge